## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Shenzhen SaLilan Technology Co., Ltd., Shenzhen FanXingWang Trading Co., Ltd., and Shenzhen XiWei Technology Co., Ltd., <br><br> *Plaintiffs*, <br><br> v. <br><br> SharkNinja Operating LLC, <br><br> *Defendant*. | Case No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Shenzhen SaLilan Technology Co., Ltd., d/b/a "salilankeji" ("SaLilan") on Amazon.com, Shenzhen FanXingWang Trading Co., Ltd., d/b/a "ICRINA Direct" ("FanXingWang") on Amazon, and Shenzhen XiWei Technology Co., Ltd., doing business as "TLiuLihua" ("XiWei") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint and Jury Demand against Defendant SharkNinja Operating LLC ("Defendant" or "SharkNinja"), seeking a declaratory judgment of non-infringement of U.S. Patent No. 12,279,629 B1 (the "'629 Patent") with respect to certain slushie machines that are sold by Plaintiffs (the "Slushie Machines"). Upon actual knowledge concerning itself and its acts, and information and belief as to all other matters, Plaintiffs allege as follows:

### NATURE OF THE ACTION

1.     This is an action for declaratory judgment of noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. §§ *et seq.*

2.     In recent months, multiple Amazon sellers have filed declaratory judgment

lawsuits against SharkNinja, seeking declarations of non-infringement of the '629 Patent based on their sales of slushy machine products. *See, e.g.*, *Shenzhen Tao Yi An E-Commerce Co., Ltd. v. SharkNinja Operating LLC*, No. 5:25-cv-04656 (N.D. Cal. filed June 03, 2025) (Exhibit 1 – the "TaoYiAn DJ Action"); *Foshan Macjerry Technology Co. Ltd. v. SharkNinja Operating LLC*, No. 2:25-cv-00954 (W.D. Wash. filed May 19, 2025) (Exhibit 2 – the "Foshan DJ Action").

3.    Plaintiffs make and sell Slushie Machines that are the same as or materially indistinguishable from the products at issue in the TaoYiAn DJ Action and Foshan DJ Action.

4.    In parallel with those suits, SharkNinja has pursued a marketplace enforcement campaign, including complaints to Amazon and takedown efforts aimed at products with the same core features as the Slushie Machines, disrupting sales channels in which Plaintiffs compete. These actions create a substantial, immediate, and real controversy between Plaintiffs and SharkNinja concerning the '629 Patent and Plaintiffs' ongoing sales.

5.    After learning of SharkNinja's takedown activities, Plaintiffs took multiple steps to engage SharkNinja and resolve the dispute without litigation: Plaintiff sent detailed emails on August 25, 2025 and August 27, 2025, requesting further discussion, and asking SharkNinja to either withdraw or clarify the basis for its takedowns, seeking to resolve the potential dispute amicably.

6.    Plaintiffs are currently selling and are willing, able, and ready to continue selling the Slushie Machines. SharkNinja's continued enforcement posture and silence despite Plaintiffs' repeated outreach leave Plaintiffs under a present and concrete threat of suit and further marketplace disruption.

7.    Plaintiffs deny that the Slushie Machines infringe any valid claim of the '629 Patent.

8.    A judicial declaration is necessary to resolve the parties' dispute and to relieve

Plaintiffs from the uncertainty, commercial disruption, and harm caused by SharkNinja's enforcement campaign and refusal to engage. Therefore, without waiver of any rights, the Plaintiffs bring this declaratory judgment action seeking a declaration that the Slushie Machines do not infringe any valid claim of the '629 Patent.

## **THE PARTIES**

9.    Plaintiff Shenzhen SaLilan Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country. SaLilan imports, markets, and sells a range of products, including the Slushie Machines, which are offered for sale on Amazon through the storefront "salilankeji" (Seller ID: A10G9YWWF6DQN0).

10.    Plaintiff Shenzhen FanXingWang Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country. FanXingWang imports, markets, and sells a range of products, including the Slushie Machines, which are offered for sale on Amazon through the storefront "ICRINA Direct" (Seller ID: A3IKDNC13VFNAH).

11.    Plaintiff Shenzhen XiWei Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country. XiWei imports, markets, and sells a range of products, including the Slushie Machines, which are offered for sale on Amazon through the storefront "TLiuLihua" (Seller ID: A1HKIZ10B6PX73).

12.    Upon information and belief, Defendant SharkNinja Operating LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its registered office located at 1209 Orange Street, Wilmington, Delaware 19801, and its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14.    This Court has personal jurisdiction over SharkNinja. SharkNinja is registered to do business in the State of Delaware (Registration Authority Entity ID: 3684126), has its headquarters in the Commonwealth of Massachusetts, and has offices in this District. SharkNinja, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the Commonwealth of Massachusetts.

15.    Venue is proper in this District under 28 U.S.C. Section 1391. SharkNinja has a regular and established place of business in this District–specifically, headquarters located at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja also lists this address on its website (https://sharkninja.com/third-party-notice).

16.    An immediate, real, and justiciable controversy exists between Plaintiffs and SharkNinja as to whether Plaintiffs are infringing or have infringed the '629 Patent.

## THE '629 PATENT

17.    On April 22, 2025, the United States Patent Office issued U.S. Patent No. 12,279,629, titled "Mixing vessel baffles for a drink maker." The '629 Patent identifies Michael Lerman, Macrae Benziger, Alexander Mularski, and Vipul Mone as the inventors. A true and correct copy of the '629 Patent is attached hereto as Exhibit 3.

18.    The '629 Patent is directed to frozen drink makers, and more particularly to mixing vessels designed to improve slush flow control within the vessel during processing. The claimed invention is limited explicitly to a mixing vessel having a curved sidewall and one or

more internal baffles—such as a corner baffle positioned at the front top of the vessel, a side baffle extending laterally along the vessel sidewall, and a front baffle across the top front— configured to direct the flow of slush and reduce buildup on the upper sidewalls and top of the chamber. The scope of the claimed invention is expressly confined to these structural features and their arrangement in relation to the rotating dasher to optimize circulation, prevent blockages, and enhance dispensing performance. It does not extend beyond these defined design parameters and functional objectives as set forth in the patent's specification and claims.

19. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '629 Patent from Michael Lerman, Macrae Benziger, Alexander Mularski, and Vipul Mone to SharkNinja Operating LLC executed July 15, 2024 and recorded August 7, 2024 at Reel/Frame 068210/0636.

20. The '629 Patent was issued with 25 claims. Claims 1, 13, and 20 are all independent claims.

## THE SLUSHIE MACHINES

21. SaLilan sells the Slushie Machines on Amazon under the storefront "salilankeji" (Seller ID: A10G9YWWF6DQN0), which has earned a significant reputation and customer recognition. The Slushie Machines listings at issue are identified by ASIN Nos. B0F1YJ82WM, B0F1YQL4HH ("SaLilan Slushie Machines"). An exemplary figure of SaLilan Slushie Machines is shown in Illustration 1 below:

| Illustration 1: Exemplary SaLiLan Slushie Machines |
|---|
|  |

22.     FanXingWang sells the Slushie Machines on Amazon under the storefront ICRINA Direct (Seller ID: A3IKDNC13VFNAH), which has earned a significant reputation and customer recognition. The Slushie Machines listing at issue is identified by ASIN No. BOFJY1R7NK ("FanXingWang Slushie Machines"). An exemplary figure of FanXingWang Slushie Machines is shown in Illustration 2 below:

| Illustration 2: Exemplary FanXingWang Slushie Machines |
|---|
|  |

23.     XiWei sells the Slushie Machines on Amazon under the storefront TLiuLihua (Seller ID: A1HKIZ10B6PX73), which has earned a significant reputation and customer recognition. The Slushie Machines listings at issue are identified by ASIN Nos. B0F1YJ82WM, B0F1YQL4HH ("XiWei Slushie Machines"). An exemplary figure of XiWei Slushie Machines is shown in Illustration 3 below:

| Illustration 3: Exemplary XiWei Slushie Machines |
|---|
|  |

\*    \*    \*    \*    \*

### FIRST CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '629 Patent)**

24.    Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-23 above as if fully set forth herein.

25.    SharkNinja claims to own rights, title, and interest in and under the '629 Patent. *See* Exhibit 3.

26.    Plaintiffs do not directly or indirectly infringe, either literally or under the doctrine of equivalents, at least independent claims 1, 13, and 20 of the '629 Patent.

27.    Independent claim 1 of the '629 Patent is reproduced below, as representative:

1. A mixing vessel for a frozen drink maker, the mixing vessel comprising:

a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top;

a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and

a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

28.    The Slushie Machines do not infringe claim 1 of the '629 Patent, and the claims that depend on it, because the Slushie Machines do not have all of the claimed elements, either

literally or under the doctrine of equivalents. Representative claim elements missing from the

Slushie Machines include, but are not limited to, the following:

| Claim 1 | Example Limitation Not Present in the Slushie Machines |
|---|---|
| "[A] corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber;" | The Slushie Machines lack the limitation that "a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side." |
| "[A] front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." | The Slushie Machines lack the limitation that "a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." |

29.    Independent claim 13 of the '629 Patent is reproduced below, as representative:

13. A mixing vessel for a frozen drink maker, the mixing vessel comprising:

a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top;

a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side;

a side baffle extending laterally along the vessel chamber from the front toward the rear; and

a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

30.    The Slushie Machines do not infringe claim 13 of the '629 Patent, and the claims

that depend on it, because the Slushie Machines do not have all of the claimed elements, either

literally or under the doctrine of equivalents. Representative claim elements missing from the

Slushie Machines include, but are not limited to, the following:

| Claim 13 | Example Limitation Not Present in the Slushie Machines |
|---|---|
| "[A] corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side;" | The Slushie Machines lack the limitation that "a corner baffle positioned at the front and the top of the vessel chamber on either |

| | the right side or the left side." |
|---|---|
| "[A] side baffle extending laterally along the vessel chamber from the front toward the rear;" | The Slushie Machines lack the limitation that "a side baffle extending laterally along the vessel chamber from the front toward the rear." |
| "[A] front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." | The Slushie Machines lack the limitation that "a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." |

31.   Independent claim 20 of the '629 Patent is reproduced below, as representative:

20. A frozen drink maker comprising:

a mixing vessel comprising a curved sidewall defining a vessel chamber having a front, a rear, a right side, a left side, and a top;

a housing with an upper housing section abutting the rear of the mixing vessel;

a dasher arranged to rotate within the mixing vessel about an axis; and

a dispenser assembly at the front of the mixing vessel,

wherein the mixing vessel comprises at least two internal baffles configured to control direct slush flow within the vessel chamber, the at least two internal baffles comprising a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

32.   The Slushie Machines do not infringe claim 20 of the '629 Patent, and the claims that depend on it, because the Slushie Machines do not have all of the claimed elements, either literally or under the doctrine of equivalents. Representative claim elements missing from the Slushie Machines include, but are not limited to, the following:

| Claim 20 | Example Limitation Not Present in the Slushie Machines |
|---|---|
| "[W]herein the mixing vessel comprises at least two internal baffles configured to control direct slush flow within the vessel chamber, the at least two internal baffles comprising a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." | The Slushie Machines lack the limitation that "a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top." |

33.    By using, selling, offering to sell, and/or importing the Slushie Machines into the United States, Plaintiffs do not infringe, literally or under the doctrine of equivalents, any claim of the '629 Patent.

34.    There is an actual, substantial, immediate, and justiciable controversy between Plaintiffs and SharkNinja regarding whether the Slushie Machines or Plaintiffs infringe any claim of the '629 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '629 Patent.

35.    Plaintiffs are entitled to a declaratory judgment that neither Plaintiffs nor the Slushie Machines infringe, literally or under the doctrine of equivalents, any claim of the '629 Patent.

## RESERVATION OF RIGHTS

36.    Plaintiffs hereby reserve their rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for entry of judgment in their favor and against SharkNinja as follows:

A.    For judgment that neither the Plaintiffs nor the Slushie Machines infringe, literally or under the doctrine of equivalents, any claim of the '629 Patent;

B.    For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by SharkNinja;

C.    For a finding that this case is exceptional under 35 U.S.C. § 285;

D.    An award of any and all equitable relief to which Plaintiffs may be entitled; and

E.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

demand a jury trial on all issues so triable.

September 3, 2025                                    Respectfully submitted,

                                                    /s/   Thomas E. Kenney

                                                    Thomas E. Kenney (BBO# 561590)
                                                    **Pierce & Mandell, P.C.**
                                                    11 Beacon Street, Suite 800
                                                    Boston, MA 02108
                                                    Telephone: (617) 720-2444
                                                    Facsimile: (617) 720-3693
                                                    tom@piercemandell.com


                                                    Tianqin Zhao (DC Bar No. 90027862)
                                                    *pro hac vice forthcoming*
                                                    **YOUNGZEAL LLP**
                                                    9355 John W Elliott Dr, STE 25555,
                                                    Frisco, Texas 75033
                                                    Telephone: (717) 440-3382
                                                    zhao@yzlaw.com

                                                    Fan Liang (CA Bar No. 303031)
                                                    *pro hac vice forthcoming*
                                                    Zhiyu Liang (CA Bar No. 357770)
                                                    *pro hac vice forthcoming*
                                                    **ANJIE BROAD LAW FIRM**
                                                    No.19 Dongfangdonglu Chaoyang
                                                    19/F Twr D1 Diplomacy Ofc. Bldg.
                                                    Beijing 100600, China
                                                    alex_liang@anjielaw.com
                                                    liangzhiyu@anjielaw.com

                                                    *Attorneys for Plaintiffs*