# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Foshan Macjerry Technology Co., Ltd.,

*Plaintiff*,

v.

SharkNinja Operating LLC,

*Defendant*.

**Case No. 2:25-cv-00954**

**Complaint For Declaratory Judgment**

**Jury Trial Demand**

This is an action brought under the Declaratory Judgment Act by Plaintiff Foshan Macjerry Technology Co., Ltd. d/b/a FSMQ ("FSMQ" or "Plaintiff"), against Defendant SharkNinja Operating LLC ("Defendant" or "SharkNinja"), seek a declaration that Plaintiff's slushie machines (the "Accused Product" or "Slushie Machine") does not directly or indirectly infringe Patent No. US 12,279,629 B1 (the "'629 Patent"), either literally or under the doctrine of equivalents. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff allege as follows:

## INTRODUCTION

1. Plaintiff received a notice from Amazon.com ("Amazon") dated April 30, 2025, stating that Amazon had received a report from Defendant alleging that the Accused Product infringes U.S. Patent No. 12,279,629. *See* Exhibit A. The notice indicated that Plaintiff may

-1-
COMPLAINT

resolve the claim with Defendant through a federal district court action, failing which Amazon will remove the Accused Product listing from its platform. *Id.*

2. Defendant's objectively baseless infringement complaint to Amazon has caused, and continues to cause significant harm to Plaintiff, as the Accused Product remains at risk of being removed from Amazon. Further, Plaintiff will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Accused Product do not meet each and every limitation of any claim under the '629 Patent.

## NATURE OF THE ACTION

3. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's action has caused, and continues to cause, significant harm to Plaintiff, as the Accused Product remains at risk of being removed from Amazon due to Defendant's enforcement of the '629 Patent.

## PARTIES

4. Plaintiff Foshan Macjerry Technology Co., Ltd. d/b/a FSMQ is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at No. 1-3, 5th Huayuan Street, Xiatang Road, Red Flag Villagers Group, Lishui Village Council, Lishui Township, Nanhai District, Foshan City, Guangdong Province, China. Plaintiff FSMQ does business in this District through on-line marketplace, Amazon, using the name, FSMQ.

5. Upon information and belief, Defendant SharkNinja Operating LLC is a foreign limited liability company authorized to do business in Massachusetts, maintaining a place of business at 89 A Street, Suite 100, Needham, MA 02494. Defendant is registered as the applicant and assignee of the '629 Patent.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

7. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Accused Product is at risk of being removed from Amazon through the enforcement of the '629 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

8. This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '629 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '629 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

9. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

**THE ACCUSED PRODUCTS**

10. On or about April 30, 2025, Amazon sent a notice to Plaintiff stating that its Slushie Machine listing may be removed from the platform if Plaintiff does not address the patent infringement claim within three weeks, including by potentially filing a declaratory judgment action in federal court. The notice from Amazon is attached hereto as **Exhibit A**.

11. In the notices, Amazon informed Plaintiff that the right owner of the '629 Patent is identified as SharkNinja Operating LLC, with the rights owner's email address listed as wseymour@sharkninja.com; dmcloughlin@sharkninja.com; sbertulli@sharkninja.com;

ccarani@mcandrews-ip.com; pruben@mcandrews-ip.com. *Id.* The alleged infringement type is Patent and the Patent Number is 12,279,629. *Id.*

12. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Defendant's infringement complaint has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most significant channel of trade. As a result, Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff.

### U.S. PATENT NO. 12,279,629 B1

13. The face of the '629 Patent lists Defendant as the assignee of patent. *See* **Exhibit B**.

14. The '629 Patent is entitled "Mixing Vessel Baffles For A Drink Maker" and generally discloses "[T]he mixing vessel includes a curved sidewall defining a substantially cylindrical vessel chamber therein. The vessel chamber includes a front, a rear, a right side, a left side, and a top. The mixing vessel also includes at least one internal baffle configured to control slush flow within the vessel chamber. The at least one internal baffle may be a corner baffle positioned at the front top of the vessel chamber on either the right side or the left side, a side baffle extending laterally along the vessel chamber from the front to the rear, and/or a front baffle positioned at the front of the vessel chamber extending across the top from the right side to the left side." **Exhibit B**, at Abstract.

15. The '629 Patent was issued on April 22, 2025. The '629 Patent has 3 independent claims and 22 dependent claims. *See* **Exhibit B.**

### COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '629 PATENT)

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '629 Patent by the Accused Product, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '629 Patent.

18. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '629 Patent, as the Accused Product fails to meet one or more elements of independent claims 1, 13, 20 of the '629 Patent.

19. Claim 1 of the '629 Patent recites:

> A mixing vessel for a frozen drink maker, the mixing vessel comprising:
>> a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top;
>> a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and
>> a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

20. Claim 13 of the '629 Patent recites:

> A mixing vessel for a frozen drink maker, the mixing vessel comprising:
>> a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top;
>> a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side;
>> a side baffle extending laterally along the vessel chamber from the front toward the rear; and
>> a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

21. Claim 20 of the '629 Patent recites:

> A frozen drink maker comprising:
>> a mixing vessel comprising a curved sidewall defining a vessel chamber having a front, a rear, a right side, a left side, and a top;

      a housing with an upper housing section abutting the rear of the mixing vessel;
      a dasher arranged to rotate within the mixing vessel about an axis; and
      a dispenser assembly at the front of the mixing vessel,
      wherein the mixing vessel comprises at least two internal baffles configured to control direct slush flow within the vessel chamber, the at least two internal baffles comprising a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top.

  22. Plaintiff's Accused Product does not directly or indirectly infringe the '629 Patent, either literally or under the doctrine of equivalents. The '629 Patent is directed to mixing vessels for frozen drink makers featuring specific internal baffle (side baffle 105, front baffle 107, corner baffle 109) configurations allegedly for controlling slush flow and preventing buildup. The Plaintiff's Slushie Machine employs a distinct design that does not incorporate the claimed baffle configurations of the '629 Patent.

  23. Specifically, Plaintiff's Slushie Machine at least lacks the "front baffle" limitation recited in all independent claims (Claims 1, 13, and 20) of the '629 Patent, a feature purportedly designed to prevent slush buildup at the top front of the vessel. Furthermore, for independent claims 1 and 12, Plaintiff's Slushie Machine also lacks the claimed "corner baffle." *See* Chart 1 below.

**Chart 1**



| The '629 Patent Reads On Figure | Plaintiff's Accused Product |

24. Consequently, under both the literal interpretation and the doctrine of equivalents, Plaintiff's Accused Product do not infringe the presumably valid claims 1, 13, and 20 of the '629 Patent.

25. Likewise, since the presumably valid independent claims 1, 13, and 20 of the '629 Patent are not infringed, neither are the remaining dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc*., 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed). ***See* Exhibit C** for detailed non-infringement contentions concerning the Accused Product.

26. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

27. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '629 Patent.

28. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '629 Patent, either

literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

29. Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '629 Patent;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '629 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

D. Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

E. A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

F. Awarding Plaintiff damages due to Defendant's improper acts;

G. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

H. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

I. Awarding pre- and post- judgment interest; and

J. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICE OF CARL J. MARQUARDT PLLC

Date: May 19, 2025

By: */s/ Carl J. Marquardt*
Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com

Glacier Law LLP
Dandan Pan, Esq. (*pro hac vice* application to be filed)
41 Madison Avenue, Ste. 2529
New York, NY 10010
dandan.pan@glacier.law
Telephone: (212)729-5033
***Counsel for Plaintiff***

-9-
COMPLAINT