## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENZHEN SALILAN TECHNOLOGY CO., LTD., FANGXINGWANG TRADING CO., LTD., and SHENZHEN XIWEI TECHNOLOGY CO., LTD. <br><br> *Plaintiffs*, <br><br> v. <br><br> SHARKNINJA OPERATING LLC <br><br> *Defendant.* | Case No. 1:25-cv-12447 <br><br> **JURY TRIAL DEMANDED** |
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY, <br><br> *Counterclaim-Plaintiffs*, <br><br> v. <br><br> SHENZHEN SALILAN TECHNOLOGY CO., LTD., FANGXINGWANG TRADING CO., LTD., and SHENZHEN XIWEI TECHNOLOGY CO., LTD. <br><br> *Counterclaim-Defendants.* | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant SharkNinja Operating LLC ("SharkNinja"), by and through its undersigned attorneys, respond to the allegations in Plaintiffs Shenzhen SaLilan Technology Co., Ltd., Shenzhen FanXingWang Trading Co., Ltd., and Shenzhen XiWei Technology Co., Ltd.'s ("Plaintiffs") Complaint for Declaratory Judgment and assert Counterclaims as follows:

Anything alleged by Plaintiffs in their Complaint that is not expressly admitted is hereby denied. Any express admission below is admitted only as to the particularly identified fact(s) and

not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). SharkNinja further denies that Plaintiffs are entitled to the relief requested or any other relief.

### Response to Initial Paragraph

The first unnumbered paragraph of the Complaint does not appear to be a statement of fact and therefore, a response is not required. But, if it contains any facts, SharkNinja denies those facts. Specifically, SharkNinja denies that Plaintiffs' Slushie Machines do not directly or indirectly infringe U.S. Patent No. 12,279,629 (the "'629 Patent") because Plaintiffs' Slushie Machines do infringe both directly and indirectly on the '629 Patent literally and/or under the doctrine of equivalents.

### Response to "NATURE OF THE ACTION"

1.      The allegations of Paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, SharkNinja denies the allegations in Paragraph 1.

2.      SharkNinja admits that it has initiated Amazon.com APEX actions against sellers of slushie machines that infringe SharkNinja's intellectual property rights, and further admits that in response to SharkNinja's APEX actions, two Amazon sellers have filed declaratory judgment actions (*Shenzhen Tao Yi An E-Commerce Co., Ltd. v. SharkNinja Operating LLC*, No. 5:25-cv04656 (N.D. Cal) and *Foshan Macjerry Technology Co. Ltd v. SharkNinja Operating LLC*, No. 2:25-cv-00954 (W.D. Wash.)).

3.      SharkNinja admits that like the plaintiffs in the TaoYiAn DJ Action and Foshan DJ Action, Plaintiffs in this Action make and sell slushie machines that infringe SharkNinja's intellectual property, including at least the '629 Patent.

4.      SharkNinja admits that it has submitted APEX infringement reports to Amazon.com ("Amazon") against sellers of slushie machines that infringement SharkNinja's intellectual property rights.  SharkNinja denies the remaining allegations of Paragraph 4.

5.      SharkNinja admits that Plaintiffs sent an email to SharkNinja on August 25, 2025 relating to SharkNinja's assertion activities relating to the '629 Patent, and sent a brief follow-up email on August 27, 2025.  To the extent that Plaintiffs seek to characterize the contents of a written document, the document speaks for itself.  SharkNinja denies the remaining allegations of Paragraph 5.

6.      SharkNinja admits that Plaintiffs are currently selling Slushie Machines and appear to be continuing to sell Slushie Machines.  SharkNinja denies the remaining allegations in Paragraph 6.

7.      SharkNinja admits that Plaintiffs deny that their Slushie Machines infringe any valid claim of the '629 Patent, but denies that the Slushie Machines do not infringe a valid claim of the '629 Patent.

8.      The allegations of Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is required, SharkNinja denies those allegations.  SharkNinja denies the remaining allegations in Paragraph 8.

## Response to "THE PARTIES"

9.      SharkNinja admits that Shenzhen SaLilan Technology Co., Ltd. imports, markets, and sells Slushie Machines, which are offered for sale on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies the allegations of Paragraph 9.

10.     SharkNinja admits FanXingWang Trading Co., Ltd. imports, markets, and sells Slushie Machines, which are offered for sale on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies the allegations of Paragraph 10.

11.     SharkNinja admits that Shenzhen XiWei Technology Co., Ltd. imports, markets, and sells Slushie Machines, which are offered for sale on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis denies the allegations of Paragraph 11.

12.     Admitted.

## Response to "JURISDICTION AND VENUE"

13.     The allegations of Paragraph 13 contain legal conclusions to which no response is required.  SharkNinja denies the allegations in Paragraph 13.

14.     SharkNinja admits that it is registered to do business in the State of Delaware (Registration Authority Entity ID: 3684126), is headquartered in the Commonwealth of Massachusetts, and has offices in this District.  The remaining allegations of Paragraph 14 contain legal conclusions to which no response is required.  SharkNinja denies the allegations in Paragraph 14.

15.     The allegations of Paragraph 15 contain legal conclusions to which no response is required.  SharkNinja denies the allegations in Paragraph 15.

16.     The allegations of Paragraph 16 contain legal conclusions to which no response is required.  SharkNinja denies the allegations in Paragraph 16.

## Response to "THE '629 PATENT"

17.     Admitted.

18.     SharkNinja admits that the '629 Patent speaks for itself but denies any characterizations inconsistent therewith.    SharkNinja denies the remaining allegations of Paragraph 18.

19.     Admitted.

20.     Admitted.

### Response to "THE SLUSHIE MACHINES"

21.     SharkNinja admits that Shenzhen SaLilan Technology Co., Ltd. sells a slushie machine on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies the allegations of Paragraph 21.

22.     SharkNinja admits that Shenzhen FanXingWang Trading Co., Ltd. sells a slushie machine on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies the allegations of Paragraph 22.

23.     SharkNinja admits that Shenzhen XiWei Technology Co., Ltd. sells a slushie machine on Amazon.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies the allegations of Paragraph 23.

### Response to "FIRST CAUSE OF ACTION (Declaratory Judgment of Non-Infringement of the '629 Patent)"

24.     SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 23 as though set for herein.

25.     Admitted.

26.     Denied.

27.     SharkNinja admits that Paragraph 27 recites the language of Independent Claim 1 of the '629 Patent.

28.     Denied.

29.     SharkNinja admits that Paragraph 29 recites the language of Independent Claim 13 of the '629 Patent.

30.     Denied.

31.     SharkNinja admits that Paragraph 31 recites the language of Independent Claim 20 of the '629 Patent.

32.     Denied.

33.     Denied.

34.     Admitted.

35.     Denied.

### Response to "RESERVATION OF RIGHTS"

36.     Paragraph 36 of the Complaint does not appear to be a statement of fact and therefore, a response is not required.  SharkNinja reserves all rights to amend its pleadings as discovery proceeds in this matter.

### Response to "Prayer for Relief"

No response is required to Plaintiffs' prayer for relief.  To the extent that a response is deemed required, Plaintiffs are not entitled to the required relief identified in their Prayer for Relief, or any other relief in connection with this civil action.  Plaintiffs' request should therefore be denied in its entirety and with prejudice.

### Response to "JURY TRIAL DEMAND"

No response is required to Plaintiffs demand for a trial by jury in this case.  To the extent a

response is deemed required, SharkNinja admits that Plaintiffs have requested a jury trial. If this case proceeds to trial, SharkNinja also demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, SharkNinja alleges and asserts the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Plaintiffs' burden of proof on its affirmative claims against SharkNinja, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, SharkNinja specifically reserves all rights to add additional defenses and/or supplement its defenses.

## FIRST AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Plaintiffs cannot prove that this is an exceptional case justifying an award of attorneys' fees against SharkNinja under 35 U.S.C. § 285.

## SECOND AFFIRMATIVE DEFENSE
### (No Entitlement to Fees and Costs)

Plaintiffs' claims for attorneys' fees, costs, including expenses and interest, and treble damages are barred by law.

## THIRD AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiffs fail to allege facts sufficient to allow recovery of punitive damages from SharkNinja.

## RESERVATION OF AFFIRMATIVE DEFENSES

SharkNinja reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may be available

in the future, including (but not limited to) those based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that SharkNinja has the burden of proving the matter asserted.

## COUNTERCLAIMS FOR PATENT INFRINGEMENT

Counterclaim-Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") hereby counterclaim against Counterclaim-Defendants Shenzhen SaLilan Technology Co., Ltd., Shenzhen FanXingWang Trading Co., Ltd., and Shenzhen XiWei Technology Co., Ltd. ("Counterclaim-Defendants"), seeking damages and other relief for patent infringement, and allege on information and belief, as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.      SharkNinja began three decades ago with the mission of providing more efficient, user-friendly, and affordable household appliances.  From its start as a one-person company, SharkNinja has grown into a market leader. SharkNinja is now a global brand with more than 20 categories of home appliance products, including floorcare products, environmental products (such as fans and purifiers), kitchen appliances, and, relevant to this case, indoor cooking, and frozen drink makers and systems.  SharkNinja has eight offices and thousands of employees in the United States.  SharkNinja's headquarters is located in Massachusetts.

2.      SharkNinja has a particular history as a pioneer and innovator.  SharkNinja devotes significant resources to research and development, including a team of more than 800 design engineers who focus on developing new products and features to improve and revolutionize household appliances.  This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home appliance innovations.  The SharkNinja patents at issue in this action are a testament to SharkNinja's history of innovation.

3.      This action concerns SharkNinja's intellectual property rights related to its hugely successful "i" class of home appliances, which focuses on bringing innovative solutions to home kitchens.  SharkNinja began the "i" class with the Ninja "FOODi" line of air fryers.  SharkNinja's innovation continued with the Ninja "CREAMi," an ice cream maker launched in August 2021 that attracted significant consumer and press attention by allowing users to make ice cream-style desserts out of almost anything.  SharkNinja later expanded to the Ninja "SPEEDi," a 10-in-1 rapid cooker launched in March 2023, and then to the "THIRSTi," a carbonated beverage maker released in July 2023.  SharkNinja's most recent offering in this lineup is the Ninja SLUSHi Professional Frozen Drink Maker (the "SLUSHi"), a countertop professional-grade slush machine for home-use.

4.      Counterclaim-Defendants have violated SharkNinja's intellectual property by infringing at least U.S. Patent Nos. 12,279,629 ("the '629 Patent") (Ex. 1); 12,285,028 (the "'028 Patent") (Ex. 2); and D1,076,580 ("the '580 Patent") (Ex. 3) (collectively, the "SharkNinja Asserted Patents").  The inventions of these patents have allowed SharkNinja to develop and sell compact, countertop-sized slush machines with excellent slush flow properties, such as the SLUSHi.

5.      Launched on July 11, 2024, the SLUSHi created a new frozen appliance category for home consumers. Unlike prior frozen beverage appliances targeted to home consumers, such as Margaritaville frozen drink machines (Fig. 1, which are essentially blenders and need ice), or Nostalgia frozen drink machines (Fig. 2, which use a chilled ice and salt chamber similar to conventional at-home ice cream machines), the SLUSHi (Fig. 3) reimagines the classic slush machine entirely, permitting consumers to make frozen slush drinks safely and quickly at home

without ice.  Previously, such devices were available predominately in retail environments due to their large size, high-price point, and complicated operation.





Figure 1: Margaritaville
Frozen Concoction Maker

Figure 2: Nostalgia
Slush Drink Maker

Figure 3: SharkNinja
SLUSHi

6.      The SLUSHi is designed with at-home users in mind.  At the press of a button, it can turn almost any liquid into slush quickly—in as little as 15 minutes—with no ice needed. Following its launch, the SLUSHi gained a passionate following, including numerous positive reviews.  The SLUSHi's smash success was the result of over 18 months of significant consumer research, engineering, and development work by SharkNinja.  SharkNinja has significant intellectual property rights and interests relating to the innovations in the SLUSHi, including the SharkNinja Asserted Patents.

7.      SharkNinja asserts these Counterclaims because Counterclaim-Defendants have infringed and continue to infringe the SharkNinja Asserted Patents.  Counterclaim-Defendants released copycat slushie machine products that include the same functionality and design that SharkNinja invented and patented.

8.      Specifically, as Counterclaim-Defendants admit in their Complaint for Declaratory Judgment (Dkt. 1) ("Complaint") at ¶ 21, Counterclaim-Defendants Shenzhen SaLilan Technology

Co., Ltd. and XiWei Technology Co., Ltd. sell the following exemplary slushie machine on Amazon.com (the "SaLilan Accused Product"):



9.      Counterclaim-Defendants further admit in their Complaint at ¶ 22 that Counterclaim-Defendant ShenZhen FanXingWang Trading Co., Ltd. sells the following exemplary slushie machine on Amazon.com (the "FanXingWang Accused Product"):



10.     In selling the SaLilan Accused Product and FanXingWang Accused Product (collectively, the "Accused Products"), Counterclaim-Defendants infringed each of the SharkNinja Asserted Patents, and continue to infringe today.

11.     Counterclaim-Defendants' infringement of the SharkNinja Asserted Patents has caused SharkNinja significant, irreparable, and ongoing harm, including because Counterclaim-Defendants are using SharkNinja's patents to directly compete with and take sales from

SharkNinja.  The Accused Products, which infringe the SharkNinja Asserted Patents, compete directly with SharkNinja's SLUSHi products, such the Ninja SLUSHi Professional Frozen Drink Maker.

12.     SharkNinja would prefer to compete in the marketplace, but because Counterclaim-Defendants are using SharkNinja's inventions without permission to unfairly compete, take sales from, and irreparably harm SharkNinja, SharkNinja must act to protect its innovations and patents.

13.     SharkNinja thus brings these Counterclaims under the patent laws of the United States, Title 35 United States Code, including 35 U.S.C. §§ 271, 284–285, and 289 to remedy Counterclaim-Defendants' continued infringement and the damages SharkNinja has suffered and continues to suffer as a result of Counterclaim-Defendants' infringement.

## PARTIES

14.     Counterclaim-Plaintiff SharkNinja Operating LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

15.     Counterclaim-Plaintiff SharkNinja Sales Company is a Delaware Corporation organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC.

16.     According to Plaintiffs' Complaint for Declaratory Judgment (D.I. 1) ("Complaint") at ¶ 9, Counterclaim-Defendant Shenzhen SaLilan Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

17.     According to Plaintiffs' Complaint at ¶ 10, Counterclaim-Defendant Shenzhen

FanXingWang Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

18.     According to Plaintiffs' Complaint at ¶ 11, Counterclaim-Defendant Shenzhen XiWei Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

## JURISDICTION

19.     This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.     This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants voluntarily filed this case in this District.  Further, on information and belief, Counterclaim-Defendants conducted and are conducting business in this District, both generally and with respect to SharkNinja's Counterclaims, and Counterclaim-Defendants have committed one or more acts of infringement in this District.  Counterclaim-Defendants have waived any claim that the Court lacks personal jurisdiction over Counterclaim-Defendants.

## VENUE

21.     Venue is proper in this District because Counterclaim-Defendants voluntarily filed this case in this District.  Further, on information and belief, Counterclaim-Defendants have conducted and is conducting business in this District, both generally and with respect to SharkNinja's Counterclaims, and Counterclaim-Defendants have committed one or more acts of infringement in this District by making, using, importing, selling, or offering to sell the Accused Products, accessories, and parts that infringe the SharkNinja Asserted Patents.  Counterclaim-Defendants have waived any claim that the Court lacks proper venue.

## THE SHARKNINJA ASSERTED PATENTS

22.     SharkNinja has filed for and obtained patent protection for its technological developments and designs in the field of slush machines. The developments claimed in the below patents were the product of the research and design efforts of SharkNinja's engineers.

23.     The '629 Patent (attached hereto as Exhibit 1) and the '028 Patent (attached hereto as Exhibit 2) relate to frozen drink makers. *E.g.*, Ex. 1 at Abstract.  In particular, the '629 and '028 Patents relate to the mixing vessel for, inter alia, frozen drink makers. An embodiment of a frozen drink maker is shown below:



FIG. 1

'629 Patent at Figure 1 (showing mixing vessel at 104).

24.     Frozen drink makers typically are used for the making, processing, and/or cooling frozen or semi-frozen products.  '028 Patent at 1:22-53.  The '028 Patent describes examples of such products, such as a granita, slush drink, smoothie, or ice cream.  *Id.; see also, id.*, 3:28-49.

25.     The '028 and '629 Patents describe typical components that may be included in a frozen drink maker, such as a mixing vessel or tank (element 104 in the below figures) that contains the product being mixed, a compressor (element 214), a motor (element 208), a rotating dasher or auger (element 204), and a dispenser (element 108).



'028 Patent at Figs. 1 and 2.

26.     The claims of the '028 and '629 Patents address deficiencies of existing frozen drink makers associated with controlling the slush flow within the mixing vessel. *Id.*, 4:51-53. For example, there is a tendency of the mixing slush to travel up the side walls of the mixing vessel and stick to the top of the chamber. *Id.*, 4:53-60. Existing frozen drink makers are often made with a very tall mixing vessel so that the slush does not contact the upper sidewalls of the vessel and the top of the chamber. *Id.* There is a need for controlling slush flow without relying on a tall chamber, especially for household frozen drink makers. *Id.*, 4:57-63.

27.     The '028 and '629 Patents address slush flow problems within the mixing vessel through the placement and configuration of internal baffles to optimize slush processing and flow within the vessel. *Id.*, 4:64-67. The positioning of the internal baffles directs the slush flow for thorough mixing and to prevent blockage within the mixing vessel. *Id.*, 1:57-63. The baffles can also reduce waste, such as the waste created by slush sticking to the vessel rather than being dispensed. *Id.*, 1:63-67.

28.     The '028 and '629 Patents disclose numerous examples of internal baffles to improve slush flow in the mixing vessel.  For example, the below figure of a vessel chamber (element 104) shows a side baffle (element 105), front baffle (element 107), and corner baffle (element 109).



FIG. 6A

'028 Patent at Figure 6A, 13:10-14:51.  As described in the specification of both the '028 and '629 Patents:

> In other words, the mixing vessel 104 may include the side baffle 105, the front baffle 107, and/or the corner baffle 109. The side baffle 105, front baffle 107, and/or corner baffle 109 can reduce slush buildup on the sidewalls and top of the vessel chamber, which is important for commercial frozen drink makers as well as household frozen drink makers with significantly less headspace than commercial units

'028 Patent, '629 Patent at 14:45-51.

29.     SharkNinja recognized the importance and market value of the '629 and '028 Patents and has used the inventions claimed in these patents in its SLUSHi product.

30.     SharkNinja markets the use of the inventions of the '629 and '028 Patents in selling its SLUSHi product. For example, SharkNinja emphases that the compact size of the "Ninja

SLUSHi™ 88 oz. Professional Frozen Drink Maker" as "an easy way to make frozen drinks at home" and emphasizes its compact size:[1]



As explained above, the compact size is facilitated by the inventions claimed in the '629 and '028 Patents.

31.    Additionally, SharkNinja has sought to protect the ornamental design of the SLUSHi and its components. To that end, SharkNinja has filed for and obtained U.S. Design Patent No. D1,091,236 (attached hereto as Exhibit 3).  In particular, the '236 Patent claims the ornamental design of the collection tray for a drink maker, as shown in exemplary Fig. 1 of the '236 Patent below:

---

[1] https://www.sharkninja.com/ninja-slushi-professional-frozen-drink-maker/FS301.html?dwvar_FS301_color=323232 (last retrieved October 10, 2025).



FIG. 1

32.    SharkNinja has marked its Ninja® SLUSHi Drink Makers with the '629, '028, and '236 Patent numbers, stating on the product box that "[t]his product may be covered by one or more U.S. Patents.  *See* sharkninja.com/patents for more information."  That URL leads to the following marking:[2]

### Ninja Slush Machines

#### Ninja™ SLUSHi™ Professional Frozen Drink Maker (FS series)

- 12,279,629
- 12,285,028
- D1,076,580
- D1,081,231
- D1,081,232
- D1,081,233
- D1,081,234
- D1,091,236

33.    Additionally, on August 25, 2025, Counterclaim-Defendants reached out to Counterclaim-Plaintiffs via email concerning the '629 Patent and SharkNinja's enforcement efforts relating to the '629 Patent.  Counterclaim-Defendants further stated that Counterclaim-Defendants requested, in view of their forthcoming sales, that they wanted to obtain a release from SharkNinja to sell their Accused Products.  Therefore, Counterclaim-Defendants admitted to having

---

[2] https://www.sharkninja.com/patents (last retrieved October 9, 2025).

knowledge of the '629 Patent at least as of August 25, 2025, and believed that SharkNinja would potentially assert the '629 Patent against their Accused Products.

### COUNTERCLAIM I: INFRINGEMENT OF THE '629 PATENT

34.     SharkNinja incorporates by reference and realleges the allegations above.

35.     U.S. Patent No. 12,279,629 (Exhibit 1), entitled "Mixing Vessel Baffles For a Drink Mixer," was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on April 22, 2025.

36.     SharkNinja Operating LLC owns all rights, title, and interest in the '629 Patent. SharkNinja Sales Company is an implied licensee of the '629 Patent. Together, SharkNinja Operating LLC and SharkNinja Sales Company (collectively, the "SharkNinja US Entities") are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by the infringing acts of Counterclaim-Defendants.

37.     The application for the '629 Patent was filed on January 26, 2024 and claims priority to an application filed on January 18, 2024.

38.     Counterclaim-Defendants have directly infringed, and continue to infringe, one or more claims of the '629 Patent, including at least claim 1, in violation of 35 U.S.C. § 271 by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Products. Counterclaim-Defendants have also infringed the '629 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States.

39.    The Accused Products include each and every claim component of at least claim 1 of the '629 Patent.   The claim charts below detail examples of Counterclaim-Defendants' infringement of at least claim 1 of the '629 Patent:

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The SaLilan Accused Product comprises a mixing vessel for a frozen drink maker.<br><br><br><br>Complaint, ¶ 21.<br><br><br><br>Instruction Manual, at 4. |

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
| |  *Id.*, 12. |
| 1[a]. a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top; | The mixing vessel of the SaLilan Accused Product includes a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, and a top.  Photo of SaLilan Accused Product (annotated). |

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
| | <br>Photo of SaLilan Accused Product (annotated). |
| 1[b]. a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and | The mixing vessel of the SaLilan Accused Product includes a corner baffle positioned at the front and the top of the vessel chamber on the left side.<br><br>Photo of SaLilan Accused Product (annotated). |

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
|  | Photo of SaLilan Accused Product (annotated).<br><br>Photo of SaLilan Accused Product (annotated).<br><br>The SaLilan Accused Product is configured such that slush flows toward the corner baffle which further directs the slush flow within the vessel. |
| 1[c]. a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. | The mixing vessel of the SaLilan Accused Product includes a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. |

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
| |  Photo of SaLilan Accused Product (annotated).  Photo of SaLilan Accused Product (annotated). |

| U.S. Patent No. 12,279,629 | SaLilan Accused Product |
|---|---|
| |  Photo of SaLilan Accused Product (annotated). |

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The FangXingWang Accused Product comprises a mixing vessel for a frozen drink maker.  Complaint, ¶ 22. |

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| |  |

Instruction Manual, at 1.

*Id.*, 4.

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| | <br>*Id.*, 2. |
| 1[a]. a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top; | The mixing vessel of the FangXingWang Accused Product includes a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, and a top.<br><br><br>Instruction Manual, at 2. |

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| |  Quick Use Guide. |
| 1[b]. a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and | The mixing vessel of the FangXingWang Accused Product includes a corner baffle positioned at the front and the top of the vessel chamber on the left side. Photo of FangXingWang Accused Product (annotated). |

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| |  Photo of FangXingWang Accused Product (annotated).  Photo of FangXingWang Accused Product (annotated). The FangXingWang Accused Product is configured such that slush flows toward the corner baffle which further directs the slush flow within the vessel. |
| 1[c]. a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. | The mixing vessel of the FangXingWang Accused Product includes a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. |

| U.S. Patent No. 12,279,629 | FangXingWang Accused Product |
|---|---|
| |  Photo of FangXingWang Accused Product (annotated).  Photo of FangXingWang Accused Product (annotated).  Photo of FangXingWang Accused Product (annotated). |

40.     Counterclaim-Defendants are liable for contributory infringement of the '629 Patent under 35 U.S.C. § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Products within the United States because the Accused Products constitute a material part of the invention embodied in the '629 Patent, which Counterclaim-Defendants know to be especially made and/or especially adapted for use in infringement of the '629 Patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

41.     Specifically, Counterclaim-Defendants contribute to the infringement of the '629 Patent by, inter alia, promotion, and/or sales of the infringing Accused Products to Counterclaim-Defendants' customers, and knowingly instructing those customers to use the Accused Products to infringe the '629 Patent.  Those customers directly infringe the '629 Patent by using the Accused Products.

42.     Counterclaim-Defendants have also infringed the '629 Patent by knowingly and actively inducing others to infringe by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States, in contravention of 35 U.S.C. § 271(b).

43.     On information and belief, Counterclaim-Defendants have benefited from their infringement of the '629 Patent.  Counterclaim-Defendants' use of the inventions of the '629 Patent have made the Accused Products more effective and better able to control its slush flow without relying on a tall mixing chamber, facilitating its suitability as a small household frozen drink maker.

44.     The SharkNinja US Entities have sustained damages as a direct and proximate result of Counterclaim-Defendants' infringement of the '629 Patent.  Counterclaim-Defendants have used the invention of the '629 Patent to directly compete with the SharkNinja US Entities

and their SLUSHi product.  Counterclaim-Defendants' infringement of the '629 Patent has caused irreparable harm to the SharkNinja US Entities and will continue to do so unless enjoined.  As a result, the SharkNinja US Entities are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  The SharkNinja US Entities also are entitled to recover damages for Counterclaim-Defendants' infringement under 35 U.S.C. § 284.  The amount of damages will be proven at trial.

45.    Counterclaim-Defendants were put on notice of their infringement of the '629 Patent through the SharkNinja US Entities' marking of their SLUSHi product, based on Plaintiff's correspondence noting that they were aware of the '629 Patent as of at least August 25, 2025 and that they believed that SharkNinja may assert the '629 Patent against their Accused Products, and based on the filing of the Counterclaims in this Action.

46.    Counterclaim-Defendants' continued infringement of the '629 Patent after it has received notice of the '629 Patent and its infringement of the patent is intentional, knowing, and willful.

## COUNTERCLAIM II: INFRINGEMENT OF THE '028 PATENT

47.    SharkNinja incorporates by reference and realleges the allegations above.

48.    U.S. Patent No. 12,285,028 (Exhibit 2), entitled "Mixing Vessel Baffles For a Drink Mixer," was duly and properly issued by the USPTO on April 29, 2025.

49.    SharkNinja Operating LLC owns all rights, title, and interest in the '028 Patent. SharkNinja Sales Company is an implied licensee of the '028 Patent. The SharkNinja US Entities are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by the infringing acts of Counterclaim-Defendants.

50.    The application for the '028 Patent was filed on August 27, 2024 and claims priority to an application filed on January 18, 2024.

51.    Counterclaim-Defendants have directly infringed, and continue to infringe, one or more claims of the '028 Patent, including at least claim 1, in violation of 35 U.S.C. § 271 by, among other things making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Products.  Counterclaim-Defendants have also infringed the '028 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States.

52.    The Accused Products include each and every claim component of at least claim 1 of the '028 Patent.  The claim charts below detail examples of Counterclaim-Defendants' infringement of at least claim 1 of the '028 Patent:

| U.S. Patent No. 12,285,028 | SaLilan Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The SaLilan Accused Product comprises a mixing vessel for a frozen drink maker.<br><br>Complaint, ¶ 21. |

| U.S. Patent No. 12,285,028 | SaLilan Accused Product |
|---|---|
| | **FROZEN DRINK MAKER**<br>INSTRUCTION MANUAL<br><br>Instruction Manual, at 4.<br><br><br>*Id.*, 12. |
| 1[a]. a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber, | The mixing vessel of the SaLilan Accused Product includes a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber. |

| U.S. Patent No. 12,285,028 | SaLilan Accused Product |
|---|---|
| |  Photo of SaLilan Accused Product (annotated).<br><br>Photo of SaLilan Accused Product (annotated).<br><br>The SaLilan Accused Product is configured such that slush flows toward the asymmetric wall portion which further promotes the slush flow within the vessel chamber. |

| U.S. Patent No. 12,285,028 | SaLilan Accused Product |
|---|---|
| |  Photo of SaLilan Accused Product (annotated). |
| 1[b]. wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber. | The asymmetric wall portion of the mixing vessel of the SaLilan Accused Product includes a side baffle configured to extend laterally along the left side or the right side of the vessel chamber.  Photo of SaLilan Accused Product (annotated). |

| U.S. Patent No. 12,285,028 | SaLilan Accused Product |
|---|---|
| |   Photo of SaLilan Accused Product (annotated).  The SaLilan Accused Product is configured such that slush flows toward the corner baffle which further promotes slush flow away from the left side of the vessel chamber and back toward a center of the vessel chamber. |

| U.S. Patent No. 12,285,028 | FangXingWang Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The FangXingWang Accused Product comprises a mixing vessel for a frozen drink maker.    Complaint, ¶ 22. |

| U.S. Patent No. 12,285,028 | FangXingWang Accused Product |
|---|---|
| |  Instruction Manual, at 1. *Id.*, 4. |

| U.S. Patent No. 12,285,028 | FangXingWang Accused Product |
|---|---|
| |   *Id.*, 2. |
| 1[a]. a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber, | The mixing vessel of the FangXingWang Accused Product includes a vessel chamber configured to receive a drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber.    Instruction Manual, at 2. |

| U.S. Patent No. 12,285,028 | FangXingWang Accused Product |
|---|---|
| |  Quick Use Guide.<br><br>Instruction Manual, at 4.<br><br>The FangXingWang Accused Product is configured such that slush flows toward the asymmetric wall portion which further promotes the slush flow within the vessel chamber. |

| U.S. Patent No. 12,285,028 | FangXingWang Accused Product |
|---|---|
| 1[b]. wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber. | The asymmetric wall portion of the mixing vessel of the FangXingWang Accused Product includes a side baffle configured to extend laterally along the left side or the right side of the vessel chamber.<br><br><br><br>Photo of FangXingWang Accused Product (annotated).<br><br>The FangXingWang Accused Product is configured such that slush flows toward the corner baffle which further promotes slush flow away from the left side of the vessel chamber and back toward a center of the vessel chamber. |

53.    Counterclaim-Defendants are liable for contributory infringement of the '028 Patent under 35 U.S.C. § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Product within the United States because the Accused Products constitutes a material part of the invention embodied in the '028 Patent, which Counterclaim-Defendants know to be especially made and/or especially adapted for use in infringement of the '028 Patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

54.    Specifically, Counterclaim-Defendants contribute to the infringement of the '028 Patent by, inter alia, promotion, and/or sales of the infringing Accused Products to Counterclaim-Defendants' customers, and knowingly instructing those customers to use the Accused Products to

infringe the '028 Patent. Those customers directly infringe the '028 Patent by using the Accused Products.

55. Counterclaim-Defendants have also infringed the '028 Patent by knowingly and actively inducing others to infringe by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States, in contravention of 35 U.S.C. § 271(b).

56. On information and belief, Counterclaim-Defendants have benefited from their infringement of the '028 Patent. Counterclaim-Defendants' use of the inventions of the '028 Patent have made the Accused Products more effective and better able to control its slush flow without relying on a tall mixing chamber, facilitating its suitability as a small household frozen drink maker.

57. The SharkNinja US Entities have sustained damages as a direct and proximate result of Counterclaim-Defendants' infringement of the '028 Patent. Counterclaim-Defendants have used the invention of the '028 Patent to directly compete with the SharkNinja US Entities and their SLUSHi product. Counterclaim-Defendants' infringement of the '028 Patent has caused irreparable harm to the SharkNinja US Entities and will continue to do so unless enjoined. As a result, the SharkNinja US Entities are entitled to injunctive relief pursuant to 35 U.S.C. § 283. The SharkNinja US Entities also are entitled to recover damages for Counterclaim-Defendants' infringement under 35 U.S.C. § 284. The amount of damages will be proven at trial.

58. Counterclaim-Defendants were put on notice of their infringement of the '028 Patent through the SharkNinja US Entities' marking of their SLUSHi product and the filing of these Counterclaims in this Action.

59.     Counterclaim-Defendants' continued infringement of the '028 Patent after it has received notice of the '028 Patent and its infringement of the patent is intentional, knowing, and willful.

### COUNTERCLAIM III: INFRINGEEMNT OF THE '236 PATENT

60.     SharkNinja incorporates by reference and realleges the allegations above.

61.     U.S. Patent No. D1,091,236 (Exhibit 3), entitled "Collection Tray For a Drink Maker," was duly and properly issued by the USPTO on September 2, 2025.

62.     SharkNinja Operating LLC owns all rights, title, and interest in the '236 Patent. SharkNinja Sales Company is an implied licensee of the '236 Patent.  The SharkNinja US Entities are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by the infringing acts of Counterclaim-Defendants.

63.     The application for the '236 Patent was filed on January 28, 2025 and claims priority to an application filed on January 18, 2024.

64.     Counterclaim-Defendants have directly infringed, and continue to infringe, one or more claims of the '236 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Products.  Counterclaim-Defendants have also infringed the '236 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States.

65.     The claim charts below detail examples of Counterclaim-Defendants' infringement of the '236 Patent:



| U.S. Patent No. D1,091,236 | SaLilan Accused Product |



| U.S. Patent No. D1,091,236 | FangXingWang Accused Product |
|---|---|

66.    Counterclaim-Defendants are liable for contributory infringement of the '236 Patent under 35 U.S.C. § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Products within the United States because the Accused Products constitute a material part of the invention embodied in the '236 Patent, which Foshan knows to be especially made and/or especially adapted for use in infringement of the '236 Patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

67.    Counterclaim-Defendants have also infringed the '236 Patent by knowingly and actively inducing others to infringe by encouraging and/or inducing retailers to sell the Accused Products in the United States, and by encouraging and/or inducing consumers to use the Accused Products in the United States, in contravention of 35 U.S.C. § 271(b).

68.    Specifically, Counterclaim-Defendants contribute to the infringement of the '236 Patent by, inter alia, promotion, and/or sales of the infringing Accused Products to Counterclaim-Defendants' customers, and knowingly instructing those customers to use the Accused Products to infringe the '236 Patent.  Those customers directly infringe the '236 Patent by using the Accused Products.

69.    On information and belief, Counterclaim-Defendants have benefited from their infringement of the '236 Patent.

70.    The SharkNinja US Entities have sustained damages as a direct and proximate result of Counterclaim-Defendants' infringement of the '236 Patent. Counterclaim-Defendants have used the invention of the '236 Patent to directly compete with the SharkNinja US Entities and its SLUSHi product.  Counterclaim-Defendants' infringement of the '236 Patent has caused irreparable harm to the SharkNinja US Entities and will continue to do so unless enjoined.  As a result, the SharkNinja US Entities are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  The SharkNinja US Entities also are entitled to recover damages for Counterclaim-Defendants' infringement under 35 U.S.C. §§ 284 or 289.  The amount of damages will be proven at trial.

71.    Counterclaim-Defendants were put on notice of their infringement of the '236 Patent through the SharkNinja US Entities' marking of their SLUSHi product and the filing of these Counterclaims in this Action.

72.     Counterclaim-Defendants' continued infringement of the '236 Patent after it has received notice of the '236 Patent and its infringement of the patent is intentional, knowing, and willful.

## PRAYER FOR RELIEF

WHEREFORE, SharkNinja prays for relief, as follows:

(a)     A judgment that each of the SharkNinja Asserted Patents is valid and enforceable.

(b)     A judgment that Counterclaim-Defendants have infringed one or more claims of each of the SharkNinja Asserted Patents.

(c)     A judgment awarding SharkNinja all damages adequate to compensate for Counterclaim-Defendants' infringement of the SharkNinja Asserted Patents, including all pre-judgement and post-judgment interest at the maximum rate permitted by law.

(d)     A preliminary and permanent injunction restraining Counterclaim-Defendants, their officers, agents, servants, employees, attorneys, and those persons acting in concert with Counterclaim-Defendants, from making, using, offering to sell, selling, distributing, and/or importing the Accused Products to the patent infringement claims above.

(e)     A judgement that Counterclaim-Defendants' infringement of the SharkNinja Asserted Patents has been willful.

(f)     A judgment that damages should be enhanced up to the maximum amount of trebling pursuant to 35 U.S.C. § 284 because of Counterclaim-Defendants' willful infringement of the SharkNinja Asserted Patents.

(g)     A judgment that this is an exceptional case and an award to SharkNinja of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

(h)     Such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja hereby demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

*Defendant and Counterclaim-Plaintiffs*
*SharkNinja Operating LLC and SharkNinja*
*Sales Company*

*By their attorneys,*

*/s/ James L. Tuxbury*
James. L. Tuxbury, Esq. (BBO No. 624916)
HINKLEY, ALLEN & SNYDER LLP
*jtuxbury@hinckleyallen.com*
28 State Street,
Boston, MA 02109
Phone: (617) 378-4162
Fax: (401) 277-9600

Brian A. Rosenthal (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue,
New York, NY
10166
(212) 351-4000

Brian M. Buroker (*pro hac vice forthcoming*)
David Brzozowski (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.,
Washington, D.C. 20036-4504
(202) 955-8500

David Glandorf (*pro hac vice forthcoming*)
**GIBSON, DUNN & CRUTCHER LLP**
1900 Lawrence St.,
Suite 3000
Denver, CO 80202-2211
(303) 298-5700

Dated:  October 10, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 10, 2025, a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system.

<u>*/s/ James L. Tuxbury*</u>
James L. Tuxbury, Esq.