IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHENZHEN SALILAN TECHNOLOGY CO., LTD., FANGXINGWANG TRADING CO., LTD., and SHENZHEN XIWEI TECHNOLOGY CO., LTD.<br><br>*Plaintiffs*,<br><br>v.<br><br>SHARKNINJA OPERATING LLC<br><br>*Defendant.* | Case No. 1:25-cv-12447<br><br>**JURY TRIAL DEMANDED** |
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,<br><br>*Counterclaim-Plaintiffs*,<br><br>v.<br><br>SHENZHEN SALILAN TECHNOLOGY CO., LTD., FANGXINGWANG TRADING CO., LTD., and SHENZHEN XIWEI TECHNOLOGY CO., LTD.<br><br>*Counterclaim-Defendants.* | |

**PLAINTIFFS' PARTIAL MOTION TO DISMISS COUNTERCLAIMANTS' COUNTERCLAIMS PURSUANT TO RULE 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs Shenzhen SaLilan Technology Co., Ltd., Shenzhen FanXingWang Trading Co., Ltd., and Shenzhen XiWei Technology Co., Ltd. (collectively, "Plaintiffs"), respectfully move to dismiss the Counterclaims of Counterclaimants SharkNinja Operating LLC and SharkNinja Sales

1

Company (collectively, "SharkNinja") to the extent they seek: (1) to allege pre-suit induced infringement, (2) pre-suit contributory infringement, or (3) pre-suit willful infringement.

SharkNinja's Counterclaims attempt to plead pre-suit induced infringement, contributory infringement, and willful infringement for three patents—the '629, '028, and '580 Patents—without alleging the facts that the law requires. As to the '629 Patent, the Counterclaims point to a single August 25, 2025 email in which Plaintiffs sought clarification of SharkNinja's enforcement practices on Amazon. That communication, at most, reflects awareness of the existence of a patent and an effort to avoid conflict; it does not plausibly allege that Plaintiffs knew or believed their products infringed, nor that they took deliberate steps to encourage infringement. As to the '028 and '580 Patents, SharkNinja relies on patent marking of its SLUSHi product and the filing of its Counterclaims to supply knowledge. But marking under 35 U.S.C. § 287 provides, at most, constructive notice for damages—not the actual knowledge of infringement required to sustain pre-suit indirect or willful infringement.

The Counterclaims also fail for a separate, independent reason: they do not plausibly allege any underlying act of direct infringement by a third party that Plaintiffs supposedly induced or to which they contributed. Instead, SharkNinja offers only threadbare recitals—asserting inducement and contribution in conclusory terms, without facts showing specific intent, active steps to encourage infringement, or any identified direct infringer.

Because SharkNinja's allegations are conclusory, speculative, and devoid of the factual enhancement required by Twombly and Iqbal, the Court should dismiss the pre-suit claims for induced infringement, contributory infringement, and willful infringement as to the '629, '028, and '580 Patents under Rule 12(b)(6).

## **LR 7.1 CERTIFICATE**

Undersigned counsel certifies that on October 28, 2025 he spoke by telephone with counsel of record for the defendant concerning the issues raised by this motion. The parties were unable to resolve or narrow those issues.

Dated: November 14, 2025  Respectfully submitted,

*/s/ Tianqin Zhao*
Tianqin Zhao (DC Bar No. 90027862)
*pro hac vice*
YOUNGZEAL LLP
9355 John W. Elliott Dr., STE 25555,
Frisco, Texas 75033
Telephone: (929) 290-2088
zhao@yzlaw.com

Thomas E. Kenney (BBO No. 561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
Telephone: (617) 720-2444
Facsimile: (617) 720-3693
tom@piercemandell.com

Fan Liang (CA Bar No. 303031) *pro hac vice*
Zhiyu Liang (CA Bar No. 357770) *pro hac vice*
**ANJIE BROAD LAW FIRM**
No. 19 Dongfangdonglu Chaoyang
19/F Twr D1 Diplomacy Ofc. Bldg.
Beijing 100600, China
alex_liang@anjielaw.com
liangzhiyu@anjielaw.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Shenzhen SaLilan Technology Co., Ltd., FangXingWang Trading Co., Ltd., and Shenzhen Xiwei Technology Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on November 14, 2025, and a copy of the foregoing will be served upon counsel of record by the Court's ECF system.

/s/ *Tianqin Zhao*

Tianqin Zhao
